FILED
United States Court of Appeals
Tenth Circuit

October 18, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

REGINALD WILLIAMS,

Plaintiff - Appellant,

v.

MICHAEL R. SIBBETT; DONALD E.
BLANCHARD; CHERYL HANSEN;
JESSE GELLEGOS; UTAH BOARD
OF PARDONS; CURTIS L. GARNER,
BOP Member; JOHN GREEN, BOP
hearing officer; THOMAS
PATTERSON, Utah governor's staff
member; JESSE BEALS, Officer, Utah
State Prison; JACK FORD,
Spokesman, Utah State Prison; LINDA
JOHNSON, Utah governor's staff
member; JANELL B. TUTTLE,
Secretary, Records Committee; UTAH
DEPARTMENT OF CORRECTIONS;
OFFICE OF THE GOVERNOR,
STATE OF UTAH,

Defendants - Appellees.

No. 11-4060

(D. Utah)

(D.C. No. 2:07-CV-00261-TS)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **ANDERSON**, and **GORSUCH**, Circuit Judges.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff and appellant Reginald Williams appeals the district court's order dismissing his various constitutional claims against the State of Utah and state employees (collectively the "State Defendants"). For the following reasons, we affirm the dismissal.

**BACKGROUND**

Mr. Williams, proceeding pro se, is an inmate in the Utah State Prison. In July of 2004, Mr. Williams appeared before the Board of Pardons and Parole ("Board") for a hearing. He claims that, at the hearing, he was asked about changing his given name to Khalifah Ulajiad and was asked if this indicated that he practiced the faith of Islam. Mr. Williams claims he was denied parole on the basis of a brief report which contained information about his religion and race. Mr. Williams also claims that the Board held an executive meeting where Board members discussed the Islamic religion and determined to not give favorable consideration to Muslims, in light of the world situation post - 9/11.

Furthermore, he alleges that the Board members are members of the Church of Jesus Christ of Latter-day Saints ("LDS church"), and they favor members of the LDS church in their decisions regarding parole. Mr. Williams offers as support for his charges a report on racial and ethnic fairness, a statistical analysis which he says demonstrates a religious bias, and a newspaper article which he says shows favoritism towards LDS church inmates.

Mr. Williams also argues that he sought records pursuant to the Government Records Access Management Act ("GRAMA"), but was denied access. He claims the denial was motivated by a desire to avoid embarrassment to the LDS church.

Mr. Williams brought this action under 42 U.S.C. § 1983 against the members of the Board. He alleged a host of claims: (1) a Free Exercise Clause violation based on the Board's consideration of religion in making parole decisions; (2) an Establishment Clause claim based on the Board's favoritism to LDS church members; (3) an Equal Protection Clause violation based on the Board's consideration of race and religion in making parole decisions, including an allegation that the defendants conspired; (4) another First Amendment claim based on, *inter alia*, a purported failure to comply with the GRAMA requests. The complaint sought monetary and punitive damages, as well as injunctive relief; and "a prohibition of use of state power to protect LDS Church interests." Mem. Decision & Order at 3.

Thus, there are three broad categories of claims: First Amendment and Equal Protection claims based on the Board's operations; conspiracy claims; and GRAMA-related claims. The State Defendants filed a motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6) on the ground that Mr. Williams failed to state a claim. The district court granted the motion, concluding that "each of these categories of claims suffers from fatal defects." Mem. Decision & Order at 3. Mr. Williams appeals.

## DISCUSSION

We review de novo a dismissal pursuant to Rule 12(b)(6). Cohen v. Longhorn, 621 F.3d 1311, 1315 (10th Cir. 2010). We have reviewed the parties' appellate materials, the record on appeal, and the relevant legal authority, and, with the exception of the one issue stated below, we agree with the district court's thorough and well-reasoned order. The court accurately analyzed Mr. Williams' claims and correctly determined that he was not entitled to relief.

The one issue we address separately is Mr. Williams' claim pursuant to the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). The State Defendants argue that this issue has been waived since Mr. Williams did not mention it in his complaint, nor did he argue it in the district court. He attempted to raise this issue by way of a motion/pleading filed some three years after his complaint was filed. The district court never ruled on any issue relating to the

RLUIPA.  Accordingly, we agree with the State Defendants that this issue has been waived.

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court's dismissal of this case.  We GRANT Mr. Williams' request to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge